UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RHONDA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0175-CVE-JFJ |
| | ) | |
| ENTERPRISE MOBILITY a/k/a EAN Services, LLC, JOSH HENDERSON, CHARLITA FRIEDMAN, ROBERT KARN, TAMI BARBETTINI, NINA MCVEY, and ENTERPRISE HOLDINGS INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint [and] Brief in Support (Dkt. # 37).  Defendants argue that plaintiff has not alleged a viable employment discrimination claim based on a failure to promote theory, because she has not clearly alleged that there was a job opening for which she was eligible to apply.  The individual defendants contend that plaintiff has failed to allege that any of them had sufficient personal involvement in the alleged discriminatory acts to support a viable claim under 42 U.S.C. § 1981.  Plaintiff Rhonda Harris has filed a 67 page response to the motion to dismiss, in which she appears to be alleging that Enterprise Mobility (Enterprise) created a "racial glass ceiling" by failing to open an opportunity for promotion that was available to white employees. Dkt. # 39, at 2-4

Plaintiff filed a 116 page amended complaint, in which she alleges that she was denied the opportunity to apply for a promotion because of her race. Dkt. # 23, at 11.  Plaintiff alleges that she asked her manager about applying for a position as a lead chargeback, but she was told that the position was not posted and was strictly a managerial decision. Id.  However, it is not clear from

plaintiff's allegation whether any employee, regardless of race, was considered for this position or whether Enterprise was actually looking to fill the position. Plaintiff states that the lead chargeback position in her division became available when the former lead chargeback, Shameisha Myles, received a promotion. Id. at 43. Plaintiff alleges that Myles is an "African American Black" female. Id. Plaintiff appears to be alleging claims against her employer, Enterprise, and several employees of Enterprise under 42 U.S.C. § 1981, but she has not alleged distinct counts or claims clarifying what claims are being asserted against each defendant.

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face[,]" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Although decided within an antitrust context, Twombly "expounded the pleading standard for 'all civil actions.'" Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd.

of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). A court's generous construction of a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts . . . ." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Further, plaintiff's status as a pro se plaintiff does not excuse her failure to comply with the Federal Rules of Civil Procedure. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994). Under FED. R. CIV. P. 8(a), plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction[,]" "a short and plain statement of the claim showing that [she] is entitled to relief[,]" and "a demand for the relief sought . . . ." Additionally, under FED. R. CIV. P. 10(b), plaintiff must "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" and state in a separate count "each claim founded on a separate

transaction or occurrence" if it would promote clarity to do so. The complaint must provide "fair notice" to defendant regarding the claims asserted against it. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008); see also Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The rule of liberal construction neither requires nor permits this Court to assume the role of plaintiff's advocate by "stitch[ing] together cognizable claims for relief from . . . [a] wholly deficient pleading." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

The Court has reviewed plaintiff's amended complaint and finds that it would be premature to consider the arguments raised by defendants due to plaintiff's voluminous and repetitive nature of plaintiff's pleading. The Court would effectively be functioning as an advocate by attempting to piece together a claim for plaintiff, and the Court will not speculate as to the basis for plaintiff's claims. The amended complaint could possibly state a claim for racial discrimination or retaliation, but it is not the Court's job to construct a claim on plaintiff's behalf. The amended complaint will be dismissed due to plaintiff's failure to comply with Federal Rules of Civil Procedure 8(a) and 10(b), but plaintiff will be given an opportunity to file a second amended complaint to attempt to more succinctly state her claims. Plaintiff is advised to advised to avoid voluminous and repetitive allegations, and she is simply required to include a short and plain statement of the facts giving rise to her claims. Plaintiff is not required to provide proof of allegations at this stage of the case. Plaintiff must also state each of her claims as a separate count to clarify what claims she is asserting and which claims are being asserted against each defendant. Neither the Court nor defendants should

be required to review plaintiff's voluminous pleading and guess as to the factual and legal basis for her claims. Plaintiff is further advised to familiarize herself with the local rules of this Court, including page limitations and formatting requirements for motions and responses.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [and] Brief in Support (Dkt. # 37) is **granted**, and plaintiff's amended complaint (Dkt. # 23) is **dismissed** with leave to amend.

**IT IS FURTHER ORDERED** that plaintiff may file a second amended complaint realleging her claims no later than **November 25, 2025**.

**DATED** this 4th day of November, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE