**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RHONDA ANDRIA HARRIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0175-CVE-JFJ |
| | ) | |
| EAN SERVICES, LLC, JOSH HENDERSON, | ) | |
| CHARLITA FRIEDMAN, ROBERT | ) | |
| KARN, TAMI BARBETTINI, NINA | ) | |
| MCVEY, and ENTERPRISE | ) | |
| HOLDINGS, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**OPINION AND ORDER**</u>

Now before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Second Amended

Complaint and Brief in Support (Dkt. # 51).  Defendants ask the Court to dismiss plaintiff's third

and fourth claims for relief, both of which assert claims under 42 U.S.C. § 1981.  Defendants argue

that § 1981 does not create a stand-alone claim for a "racial glass ceiling" theory of recovery, and

plaintiff's third claim for relief should be dismissed.  Defendants also argue that plaintiff's fourth

claim for relief is duplicative of her other claims.

Plaintiff previously filed an amended complaint (Dkt. # 23) alleging racial discrimination

claims under 42 U.S.C. § 1981 based on theories of failure to promote and retaliation against her

employer, EAN Services, LLC (EAN), and several employees of EAN. Plaintiff claimed that she

attempted to apply for a promotion to the lead chargeback position, for which there was no formal

application process, and she states that her manager, Charlita Friedman, refused to consider her for

the promotion.  <u>Id.</u> at 11.  Plaintiff escalated the matter to a higher level supervisor and the human

resources department, and she claims that Enterprise Holdings, Inc. conducted a biased investigation

that resulted in the rejection of her claims of racial discrimination.  Id. at 12.  She also alleges that EAN made a promotion to the position of lead chargeback an "operational decision," meaning that managers did not have to follow ordinary company policies when filling a lead chargeback position. Id.  Plaintiff contends that EAN's procedures have created a racial glass ceiling, and she alleges that EAN retaliated against her for exposing this racial glass ceiling.  Id.  11-14.  Plaintiff is still employed by EAN and she does not allege a loss of pay or employment benefits, but she claims that she received poor performance reviews after making complaints of racial discrimination.  Id. at 12.

Defendants filed a motion to dismiss plaintiff's amended complaint (Dkt. # 23) on the grounds that there was no promotion available for which plaintiff could apply, and the individual defendants argued that plaintiff failed to sufficiently allege that they had any personal involvement. The Court granted the motion to dismiss due to plaintiff's failure to comply with Fed. R. Civ. P. 8(a), but the Court provided plaintiff an opportunity to file a second amended complaint more succinctly restating her claims.  Dkt. # 44, at 4.  Plaintiff has filed a second amended complaint (Dkt. # 45) alleging four claims under § 1981.  Plaintiff asserts § 1981 claims under theories of failure to promote (count I),  retaliation (count II), racial glass ceiling (count III), and a claim against EAN's human resources officials (count IV).  Plaintiff seeks over $15 million in compensatory and punitive damages.

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its

face[,]" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Although decided within an antitrust context, Twombly "expounded the pleading standard for 'all civil actions.'" Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). A court's generous construction of a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts . . . ." Bryson v. City of Edmond, 905 F.2d 1386, 1390

3

(10th Cir. 1990).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

EAN argues that count III of the second amended complaint should be dismissed, because § 1981 does not permit a stand-alone claim under a racial glass ceiling theory.  Dkt. # 51, at 3. Plaintiff responds that her claim under a racial glass ceiling theory is distinct from her failure to promote claim, because her "glass ceiling" claim is based on persistent and systemic racism, as opposed to the discrete acts of discrimination giving rise to her failure to promote claim.  Dkt. # 57, at 3.  The Tenth Circuit has analogized a Title VII "glass ceiling" claim to a claim brought under a hostile work environment theory.[1]  Croy v. Cobe Labs, Inc., 345 F.3d 1199, 1203 (10th Cir. 2003). To state a claim based on a hostile work environment theory, a plaintiff must allege facts suggesting that "the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of [her] employment and created an abusive working environment."  Ford v. Jackson Nat'l Life Ins. Co., 45 F.4th 1202, 1227 (10th Cir. 2022) (quoting Sanderson v. Wyo. Highway Patrol, 976 F.3d 1164, 1174 (10th Cir. 2020)).  The severe or pervasive component of a hostile work environment claim has a subjective and objective component.  Id. at 1227 (citing Throupe v. Univ. of Denver, 988 F.3d 1243, 1252 (10th Cir. 2021)).  "This means the plaintiff must: (1) subjectively perceive 'the conduct to be severe and pervasive,' and (2) 'show that a rational jury could find that the workplace is so permeated with discriminatory intimidation, ridicule, and insult.'" (quoting Throupe, 988 F.3d at 1252).

---

[1]    Claims of racial discrimination are reviewed under the same standard whether the claims are brought under Title VII or § 1981.  Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir. 1991).

4

The Court has reviewed plaintiff's second amended complaint, and finds that count III should be dismissed. Plaintiff acknowledges that her "glass ceiling" claim is primarily a means of alleging a different theory for the causation element of count I. Dkt. # 57, at 3. As the Court has already noted, a "glass ceiling" claim under § 1981 has actually been analogized to a hostile work environment claim, but plaintiff is essentially using this as a means of reasserting her failure to promote claim in a slightly different manner. Plaintiff may rely on the facts and legal theories alleged in count III in support of count I, but there is no need for plaintiff to assert a duplicative "glass ceiling" claim. The Court has considered whether plaintiff's "glass ceiling" claim could state a viable hostile work environment claim, but she has not included sufficient allegations suggesting that the workplace was objectively permeated with severe and pervasive discrimination to support a claim under a hostile work environment theory.

Defendants argue that count IV of plaintiff's second amended complaint is duplicative of count I, as plaintiff has already alleged § 1981 claims against each of the named defendants in count I. Dkt. # 51, at 3-4. Plaintiff contends that defendants Tami Barbettini and Nina McVey actively participated in the alleged discrimination in their roles as employees in EAN's human resources department, and she asserts that she has alleged plausible claims against Barbettini and McVey. Defendants do not contest that plaintiff has alleged plausible § 1981 claims against them in count I, but they argue that there is no reason for plaintiff to assert duplicative § 1981 claims against Barbettini and McVey. The Court agrees that count IV of plaintiff's second amended complaint is duplicative of count I. Plaintiff has already asserted § 1981 claims against each defendant, and there is no need for her to assert separate § 1981 claims against Barbettini and McVey.

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (Dkt. # 51) is **granted**, and counts III and IV of plaintiff's second amended complaint (Dkt # 45) are **dismissed**.

**DATED** this 18th day of March, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE