**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RHONDA ANDRIA HARRIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0175-CVE-JFJ |
| | ) | |
| EAN SERVICES, LLC, JOSH HENDERSON, | ) | |
| CHARLITA FRIEDMAN, ROBERT | ) | |
| KARN, TAMI BARBETTINI, NINA | ) | |
| MCVEY, and ENTERPRISE | ) | |
| HOLDINGS, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>OPINION AND ORDER</u>**

Now before the Court is plaintiff's opposed motion to file a supplemental pleading under

Fed. R. Civ. P. 15(d) (Dkt. # 61). Plaintiff requests leave to file a supplemental pleading based on

events occurring after the filing of her second amended complaint, and she alleges that defendant

EAN Services, LLC (EAN) is continuing to deny her promotional opportunities even after she filed

this case. Dkt. # 61, at 4-5. Defendants respond that plaintiff's proposed supplemental claims are

duplicative of her existing claims, and plaintiff can pursue her assertions of ongoing racial

discrimination by means of pretrial discovery. Dkt. # 66, at 3-4.

Plaintiff filed this case alleging claims of racial discrimination and retaliation under 42

U.S.C. § 1981. Plaintiff alleges that she is employed by EAN and she has repeatedly been denied

the opportunity to compete for a promotion to the position of lead chargeback. Dkt. # 2, at 8-9.

Plaintiff contends that she is subject to a "racial glass ceiling" and her complaints about racial

discrimination have resulted in retaliation from her employer. <u>Id.</u> at 10-12. Plaintiff filed an

amended complaint adding EAN as a party, and the amended complaint was 116 pages in length.

Dkt. # 23. Defendants filed a motion to dismiss the amended complaint, which the Court granted due to the voluminous nature of plaintiff's amended complaint, but the Court granted plaintiff leave to file a second amended complaint more succinctly alleging her claims. Dkt. # 44.

Plaintiff filed a second amended complaint (Dkt. # 45) alleging claims of racial discrimination for failure to promote (count I), retaliation (count II), racial discrimination for creating a racial glass ceiling (count III), and a claim of racial discrimination against human resources officials (count IV) for allowing the discriminatory conduct alleged in plaintiff's other claims. Counts I, II, and III were asserted against all defendants, while count IV was asserted against Tami Barbettini and Nina McVey only. Defendants filed a motion to dismiss counts III and IV as duplicative of plaintiff's other claims. The Court granted the motion to dismiss. Plaintiff's racial glass ceiling claim (count III) was analogous to a hostile work environment claim, but plaintiff had not alleged sufficient facts suggesting that the workplace was objectively permeated with severe and pervasive discriminatory conduct. Dkt. # 59, at 5. As to count IV, plaintiff had already alleged a § 1981 claim against the same defendants named in count IV, and there was no need for plaintiff to assert an additional § 1981 claim against Barbettini and McVey. Id.

Plaintiff now seeks to file a supplemental pleading adding claims based on events that occurred after the filing of the second amended complaint. Plaintiff alleges that her employer operates a "Glow Network" to deny promotion opportunities to African American employees, and she claims that Caucasion employees are consistently given more favorable opportunities for career

advancement.[1]  Dkt. # 61, at 8-9.  On February 4, 2026, defendants allegedly conducted a "retaliatory 8 minute performance review" during which she received a "basic" rating for her communication skills, and plaintiff claims that the performance review was a sham to create a negative paper trail concerning plaintiff's work performance.  Id. at 10.  Plaintiff claims that EAN has engaged in discriminatory conduct in other contexts, including violations of federal law for laying off workers without providing sufficient notice and a $1.8 million settlement in an unrelated age discrimination case.[2]  Id. at 11.  Plaintiff seeks to add supplemental claims of racial discrimination and retaliation under § 1981 due to her failure to receive a promotion and recent acts which she perceives as retaliatory.  Dkt. # 61-1, at 7.  Plaintiff also claims that defendants are violating corporate policies and prior judicial rulings by failing to provide neutral third-party review of her complaints of discrimination.  Id. at 8.

Rule 15(d) provides trial courts broad discretion to allow supplemental pleadings based on post-complaint transactions or occurrences.  Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).  Supplemental pleadings are appropriate when it is necessary for a party to "set forth new facts in order to update [an] earlier pleading."  Carter v. Bigelow, 787 F.3d 1269,

---

[1] Plaintiff appears to be relying on the Fifth Circuit Court of Appeals' decision in Yarbrough v. SlashSupport, Inc., 152 F.4th 658 (5th Cir. 2025), in which the plaintiffs argued that defendant Glow Networks, Inc. denied the plaintiffs opportunities for promotion.  The case concerns a range of issues related to racial discrimination claims but, relevant to this case, the Fifth Circuit determined that the district court correctly granted a motion for judgment as a matter of law on a failure to promote claim when the only evidence plaintiffs produced was based on their subjective beliefs that they were qualified for a promotion.  Yarbrough, 152 F.4th at 666.

[2] Both of the cases cited by plaintiff were filed in federal district court in Florida, and plaintiff has not alleged that any of the defendants in this case participated in the alleged misconduct in those cases.

1278 (10th Cir. 2015).  A motion to file a supplemental pleading is reviewed under the same standard applicable to motions to amend under Rule 15(a).  Southwest Nurseries, LLC v. Florist Mut. Ins. Co., 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003).  Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006).  The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires."  Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004).  Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).  Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay.  Minter, 451 F.3d at 1206.  "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend."  Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

The Court finds that plaintiff's proposed supplemental pleading merely alleges additional facts in support of her existing claims, and there is no reason to allow plaintiff to file a supplemental pleading asserting new claims.  Plaintiff's second amended complaint contains claims of racial discrimination and retaliation, and the claims are based on lack of promotional opportunities, biased or inaccurate performance reviews, conflicts of interest, and general non-compliance with company procedure concerning promotions and the investigation of complaints of discrimination.  Accepting plaintiff's new allegations as true for the purpose of this Opinion and Order, plaintiff's new

allegations simply suggest that the same conduct giving rise to plaintiff's claims has continued after the filing of this case, and plaintiff's new allegations do not support the existence of new discrimination claims or additional liability against defendants. The Court notes that plaintiff is also attempting to assert a claim based on defendants' alleged violations of corporate policy and a consent decree entered in another federal district court case. However, she cites no legal authority that such a claim is cognizable or that she would have standing to enforce a consent decree entered in an unrelated case. Plaintiff's motion for leave to file a supplemental pleading (Dkt. # 61) is denied.

**Plaintiff is further advised that discovery materials are not to be filed unless the Court specifically directs the parties to file discovery materials or the materials are attached to a motion. LCvR26-4**. Plaintiff has filed numerous documents related to discovery, such as notices of serving discovery requests, notices of depositions, and complaints about defendants' failure to respond to discovery requests. Dkt. ## 29, 65, 68, 69, 71. **Plaintiff may file a motion if she believes that defendants have not complied with their obligation to appropriately respond to a valid discovery request, but plaintiff should not file notices that she has served discovery responses on a defendant or that defendants have not responded to her discovery requests. Further inappropriate filing of discovery requests will result in those filings being stricken.**

**IT IS THEREFORE ORDERED** that plaintiff's opposed motion to file a supplemental pleading under Fed. R. Civ. P. 15(d) (Dkt. # 61) is **denied**.

**DATED** this 21st day of May, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE