**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) RHONDA ANDRIA HARRIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**(1) EAN SERVICES LLC;**<br>**(2) JOSH HENDERSON;**<br>**(3) CHARLITA FRIEDMAN;**<br>**(4) ROBERT KARN;**<br>**(5) TAMI BARBETTINI;**<br>**(6) NINA MCVEY; AND**<br>**(7) ENTERPRISE HOLDINGS, INC.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 25-CV-175-CVE-JFJ** |

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Under Rule 37 and Rule 41 (ECF No. 111). Defendants seek dismissal or, alternatively, seek their attorneys' fees and costs for attending and preparing for Plaintiff's deposition. Plaintiff, appearing pro se, filed a response (ECF No. 119).[1] For reasons explained below, the motion (ECF No. 111) is DENIED.

Also before the Court is Defendants' request for attorney fees and costs in responding to Plaintiff's motion for contempt/sanctions. *See* ECF No. 106 (requesting fees and costs in responding to ECF No. 103, which Defendants described as "baseless and improper"). Upon denying the motion for contempt, the Court indicated it would address Defendants' request for fees by separate order. *See* ECF No. 122. For reasons explained below, this request for fees and costs is GRANTED.

---

[1] Plaintiff's brief is unresponsive to the issues raised by Defendants' motion to dismiss. *See* ECF No. 119 at 5 (urging court to deny motion to dismiss under Rule 12(b)(6), because Plaintiff asserted plausible and specific claims for employment discrimination).

## I. Motion to Dismiss (ECF No. 111)

Rule 41(b) permits a court to involuntarily dismiss an action where a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order.

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). *See also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 857 (10th Cir. 2018) (recognizing that district court has inherent authority to dismiss claims). Fed. R. Civ. P. 41(b) (emphasis added).

Rule 37(b)(2)(A) permits a court to order sanctions where a party fails to obey a discovery order to provide or permit discovery. Such sanctions may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). *See Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (dismissing claims as sanction where plaintiff withheld information about her prior injuries) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "Because of the harshness of dismissal, however, due process requires that the discovery violation be predicated upon willfulness, bad faith, or some fault of petitioner rather than inability to comply." *Archibeque*, 70 F.3d at 1174 (citation modified).

Before dismissing a case under Rule 41(b) or imposing the sanction of dismissal under Rule 37(b)(2)(A),

> a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the [movant]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (citation modified). Although this list of factors is not exclusive and does not establish a "rigid test," a court should evaluate these factors on the record. *Id.* Dismissal is an appropriate sanction "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.*

The Court finds that Plaintiff violated this Court's order to communicate verbally with Defendants' counsel, including conducting a meet and confer, before filing a discovery-related motion. *See* ECF Nos. 102 (court order and warning), 103 (discovery-related motion filed without conference). The Court further finds that Plaintiff engaged in vexatious, obstructionist tactics during her deposition conducted August 11, 2026, including raising improper deposition objections to specific topics. *See* ECF No. 111 at Ex. 2 (refusing to answer questions on several topics and raising improper objections). Before receiving an express warning, Plaintiff failed to meet and confer, as required by NDOK LCvR 37-1, in relation to other discovery motions. *See, e.g.,* ECF No. 102 (court minutes denying ECF No. 96 based on Plaintiff's failure to meet and confer).

The Court now turns to the *Ehrenhaus* factors. Defendants suffered prejudice because Plaintiff refused to answer questions on multiple topics and raised improper objections during her deposition. Defendants were also forced to respond to motions and objections on issues that may have been resolved by a meet and confer. Plaintiff's discovery conduct somewhat interfered with the judicial process, because Plaintiff failed to follow rules and unnecessarily multiplied the litigation. However, discovery is now completed, Defendant's motion for summary judgment is filed, and the Court stayed all further deadlines pending ruling on the motion. As to Plaintiff's culpability, the Court finds her failure to meet and confer, refusal to communicate verbally with Defendants' counsel, and refusal to answer questions during her deposition constitute intentional, willful actions. On July 22, 2026, the Court warned Plaintiff that "failure to confer in good faith

by telephone prior to filing discovery motions could result in sanctions, up to and including dismissal." ECF No. 102. Plaintiff then filed the motion for contempt and for sanctions, which related largely to a notarization issue that could have been resolved "with a phone call" to Defendants' counsel. *See* ECF Nos. 122, 134. Further, during her deposition, Plaintiff refused to answer questions on topics already ruled relevant by this Court, such as post-employment mitigation efforts. The Court has not yet attempted to impose lesser sanctions or monetary sanctions, and it is unclear whether lesser sanctions would be effective in deterring Plaintiff's misconduct.

Considering all relevant *Ehrenhaus* factors, the Court declines to involuntarily dismiss pursuant to Rule 41(b) or impose a dismissal sanction under Rule 37(b)(2). Although Plaintiff intentionally violated a court order to meet and confer and raised improper objections during her deposition, Plaintiff has not engaged in the type of dilatory behavior or the degree of bad-faith discovery misconduct that warrants the harshest sanction of dismissal. Discovery is closed, and Defendants have filed their motion for summary judgment. In this case, the aggravating factors do not outweigh the Court's interest in resolving the dispute on the merits.

Alternatively, Defendants seek fees and costs associated with Plaintiff's deposition. The Court does not have the entire transcript of Plaintiff's deposition. *See* ECF No. 111 at Ex. 2 (attaching only 12 pages of a transcript that appears to be over 150 pages). Although the attached portions reflect unreasonable and obstructionist conduct by Plaintiff, the Court cannot properly assess the scope or degree of obstruction to determine whether the deposition was a complete waste

of Defendants' time and preparation efforts. Therefore, the Court declines to shift Defendants' fees and costs for preparing for and attending Plaintiff's deposition.[2]

Defendants' Motion (ECF No. 111) is DENIED. Plaintiff is ORDERED to verbally communicate with Defendants and avoid obstructionist litigation conduct. Plaintiff is warned that engaging in such conduct could subject Plaintiff to sanctions up to and including dismissal.

## II. Motion for Attorneys' Fees and Costs (ECF No. 106)

For reasons explained above, the Court finds the motion for contempt (ECF No. 103) was filed without a proper meet and confer, in contravention of the Court's warning. Instead of communicating with Defendants about any perceived deficiency in the discovery responses, Plaintiff unnecessarily multiplied the litigation. *See* ECF Nos. 103, 106, 122, 129, 134. Plaintiff's motion and objection were frivolous because Plaintiff failed to request notarization, as contemplated by the Court's order. Plaintiff is therefore ordered to pay Defendants' reasonable attorneys' fees and costs for responding to such motion,[3] pursuant to Federal Rule of Civil Procedure 16(f)(1)(C), Rule 37(b)(2)(A), and/or the Court's inherent powers to sanction vexatious litigation conduct. Defendants may file a motion for these attorney fees, with appropriate supporting documentation, within ten days of entry of any final judgment in the case.

**SO ORDERED** this 29th day of October, 2026.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court would have required Plaintiff to pay fees and costs associated with a second deposition on these topics, but Defendants did not request such relief.

[3] Judge Eagan denied the objection without waiting for a response from Defendants, and Defendants did not incur costs for filing a response to the objection.